**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

        v.                                                    08-CR-070-A
**DECISION AND ORDER**

ARMANDO GONZALEZ,

        Defendant.
_____

On August 4, 2014, the Court sentenced the Defendant principally to 48 months' imprisonment following his plea of guilty to one count of using a communication facility to facilitate a drug felony, in violation of 18 U.S.C § 843(b). Several years later, pursuant to 18 U.S.C. § 3582(c)(2), the Court reduced the Defendant's sentence to 46 months' imprisonment in light of Amendment 782 to the U.S. Sentencing Guidelines.

The Defendant has since filed what he characterizes as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. In his petition, the Defendant seeks a second sentence reduction in light of Amendment 794 to the Sentencing Guidelines. Amendment 794, which became effective November 1, 2015, amended the commentary to Guideline § 3B1.2 to "provide[] additional guidance to sentencing courts in determining whether a mitigating role adjustment applies." U.S.S.G., Supp. to App'x C, Amend. 794, *Reason for Amendment*. After amendment, the commentary to Guideline § 3B1.2 now "provides a list of non-exhaustive factors for the court to consider in determining whether an adjustment applies and, if so, the amount of the adjustment." *Id.*

The Government makes a number of arguments in response to the Defendant's petition. First, the Government argues that the petition is untimely. Second, the

1

Government notes that, in his plea agreement, the Defendant waived the right to collaterally attack his conviction. Third, the Government argues that the Defendant's claim is not cognizable under § 2255. And fourth, the Government argues that, even if the Defendant's claim is cognizable under 18 U.S.C. §3582(c)(2), it should be denied on its merits.

Because a § 2255 petition would almost certainly be dismissed for any one of the reasons identified by the Government, given that the Defendant's petition is based on an amendment to the U.S. Sentencing Guidelines, and in light of the Defendant's *pro se* status, the Court *sua sponte* converts the Defendant's § 2255 petition into a motion brought pursuant to 18 U.S.C. § 3582(c)(2). *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal . . . or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis.") (citations omitted). In addition, the Court assumes for purposes of this Decision and Order that Amendment 794 applies retroactively. *But see, e.g.*, *Calderon v. United States*, 02-CR-1082-02(NRB), 2016 WL 7742746, at *1 (S.D.N.Y. Dec. 28, 2016).

Even with this assumption, however, the Defendant's motion must be denied because regardless of whether the Court applies the pre- or post-Amendment 794 version of Guideline § 3B1.2, the Defendant did not play a "minor" role in his crime of conviction. In his plea agreement, the Defendant admitted that, as part of his conduct in this case, he called another person, Ariel Rodriguez, "and would direct Rodriguez to

drive a van, containing a quantity of cocaine," from New York City to Buffalo, New York. Docket No. 65 ¶ 4.a. Moreover, the Defendant's Presentence Investigation Report (PSR) shows that the Defendant "directed Rodriguez to register vehicles and utility bills in Rodriguez's name for the [D]efendant." PSR ¶ 15. After Rodriguez arrived in Buffalo with the van full of cocaine, the Defendant took the van's keys and unloaded the cocaine. *Id.* "Rodriguez would then drive the [D]efendant [and another person] around to make cocaine deliveries." *Id.*[1]

Based on these facts, the Court concluded at sentencing that the Defendant's base offense level should be enhanced two levels, pursuant to Guideline § 3B1.1(c), because the Defendant "was an organizer, leader, manager, or supervisor" in the criminal conduct at issue in the case. U.S.S.G. § 3B1.1(c).[2]

The facts that supported the Defendant's two-level upward adjustment make him ineligible for a mitigating role adjustment, even after Amendment 794. For example, the fact that the Defendant ordered Rodriguez to drive cocaine from New York City to Buffalo shows, at the very least, a modest amount of planning and organizing, and it certainly shows an understanding of "the scope and structure of the criminal activity." U.S.S.G. § 3B1.2 (2016), cmt. 3(C)(i)-(ii). It also shows that the Defendant exercised at least some decision-making authority. *See id.* cmt. 3(C)(iii). And, finally, the fact that the Defendant directed Rodriguez to register vehicles and utilities in Rodriguez's name (but for the Defendant's benefit) shows that the Defendant understood the illegal nature of his conduct. That understanding is inconsistent with the commentary to the

---

[1] At sentencing, the Defendant did not object to the PSR's factual findings.

[2] In his plea agreement, the Defendant agreed that the § 3B1.1(c) adjustment was properly applied in this case. *See* Docket No. 65 ¶ 7.a.

Guidelines' minor-role adjustment, which suggests applying the adjustment when a defendant was "substantially less culpable than the average participant in the criminal activity" at issue. *Id.* cmt. 3(A). *Compare id.* ("For example, a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline.")

For these reasons, assuming that the post-Amendment 794 version of Guideline § 3B1.2 applies in this case, the Defendant would not be entitled to a mitigating role adjustment. The Defendant's motion (Docket No. 80) is therefore denied.

**SO ORDERED.**

Dated: April 24, 2017                            *s/Richard J. Arcara*
   Buffalo, New York                     HONORABLE RICHARD J. ARCARA
                                                               UNITED STATES DISTRICT JUDGE